This is 4-13-0746 Connour v. Hiram Grau. Let's see, Attorney Legner is here on behalf of the appellant, and Attorney Roseberry is here on behalf of the appellee. Mr. Legner, are you ready to proceed? I am. All right, you may do so. Good morning, Your Honors. May it please the Court. Counsel. Counsel. My name is Brett Legner. I'm the Deputy Solicitor General for Illinois, and I represent the respondents in this matter. Your Honors, this Court should reverse the decision of the Circuit Court directing that the State Police must report to Federal authorities that plaintiffs' right to possess firearms have been restored as a matter of Federal law. First, there is no dispute in this case that a plaintiff has been convicted of a misdemeanor crime of domestic violence. Second, nor is there any dispute that Section 922G9 of the Federal Gun Control Act applies to plaintiffs. Under Section 922G9, a person is prohibited as a matter of Federal law from owning or possessing firearms if that person has been convicted of a misdemeanor crime of domestic violence. That is, a plaintiff is barred under Federal law from possessing guns. Some convictions under Federal law, however, do not count for the purposes of Section 922G9. Why is the Federal law of any concern to the State Police on the FOID card or the trial court? Well, the trial court... In other words, aren't you answering a question not asked by, I guess the technical legal term would be, being a busybody and adding this line that is not statutorily provided for to the FOID card? So, Your Honor, are you referring to the earlier language that was added to the FOID card that said that the plaintiff could not own or possess guns as a matter of Federal law? Yes, Your Honor, the State Police removed that language and does not add that extra language to the card anymore. But the problem is... Well, now we're requiring... The trial court required the Department to report to the appropriate Federal agency about the plaintiff's rights. Isn't that... Under Illinois law, isn't that the only thing we're addressing, whether the Federal law says otherwise? Why is that our concern? Shouldn't the Feds be able to figure that out themselves? Well, the Feds should be able to figure out whether the plaintiff is barred as a matter of Federal law from possessing guns. That is true. The trial court's order required the State Police to tell the Federal authorities that the plaintiff is not barred from possessing guns. And that's not true. As a matter of Illinois law, as a matter of pure State law, as it existed at the time the order was entered, the plaintiff could be issued a FOID card if the circuit court made certain decisions. Well, that's not true anymore, after the 2013 amendments, such that possessing a FOID card when you're prohibited by Federal law is now a grounds for reservation. And, in fact, the State Police can immediately revoke any FOID card the plaintiff has because of that right now. Nonetheless, the circuit court took the extra step of requiring the State Police to tell Federal authorities that the plaintiff is entitled to possess guns. And the reason the circuit court did that was because the circuit court felt that simply having an Illinois FOID card without also being able to own or possess guns as a matter of Federal law didn't do anything for a plaintiff. And the circuit court was specifically trying to address the situation of what it felt to be the issuance of an, quote, ineffectual FOID card. So the circuit court essentially felt that it was removing the Federal disability because it wanted the Illinois FOID card to mean that the plaintiff could possess guns. But it doesn't mean that. Quorum makes clear that it doesn't mean that. Does the Federal statute still contain the exception if a person's civil rights have been restored under State law? Absolutely, Your Honor. That's the Section 921A33B2 exception, yes, Your Honor. And it didn't appear to me in the cases that I was reading that it's necessarily a settled issue where the restoration of the right to possess arms under a State statute is a restoration of a civil right. But I think there are cases that argue it is. There might be some cases that argue that it is. But the Supreme Court has made clear that the restoration of rights that are relevant to that are three rights. Well, they've named those three rights, but they have not said this is an exclusive list. They have. They said these are the only rights we focus on. What case is that? Karen and Logan. And then the Seventh Circuit independently arrived at that. Well, I read Logan, and I don't think Logan says these are the only three rights we're talking about when we talk about civil rights. These are the only three rights that are referred to in that provision, yes. That is Logan's holding. And independently, the Seventh Circuit reached that holding in Williams and Buckmeyer. You're the appellant. Would you be happy with just an order which would direct the court to delete the language about reporting to the appropriate federal agency that plaintiff's rights have been restored to possess firearms and ammunition? Yes. And that would, of course, the department took it upon itself to initially state something otherwise. The department did take it upon itself, and that was remedied. Now, essentially, the plaintiff has a FOIA card without any qualifying language. Correct. And whatever that means under federal law, I guess your position is it's not our business, and give him a state FOIA card, and then we'll take it from there. Yes, Your Honor. And that is the holding of four justices from quorum. That's exactly right. And, Justice Polk, turning back to your question about which civil rights are relevant for the restoration of rights provision, and also the fact that restoration of firearm rights is not independently sufficient for restoration of rights under that provision is compelled by the structure of that provision itself. That provision says that a conviction does not count if, under state law, an individual has had their conviction expunged, has been pardoned, or has had a restoration of civil rights. Unless that restoration of civil rights provides that the person still can't possess firearms. In other words, the last part, the unless clause, is a proviso to the first part. The last part says that if the state says that you still cannot possess firearms, and you can't possess firearms, but the state not saying that, or the state saying that you can possess firearms, is a necessary but not sufficient condition, because it's still a proviso to the antecedent reference to civil rights more broadly stated. Does the federal law permit gun ownership after a term of years, or is it permanent? So, in this particular situation of a misdemeanor crime of domestic violence, Misdemeanor domestic violence. It is, there is no time limit, so it is until It's forever. It is forever. Is there a process under federal law that a person can follow to have their federal gun rights restored? Well, under the statute, yes, you can ask the Attorney General, but Congress has continually refused to appropriate money for that. For the process? No, for the process. Which would be a petition to the Attorney General. I'm going to ask you another question. Doesn't Illinois' Constitution provide for the right to bear arms? It does, Your Honor. And the federal Constitution provides for the right to bear arms. Second Amendment. Now, some states don't provide for the right to bear arms, but we do. This is correct. So, I'm having trouble with your claim that restoration of gun rights is not restoration of a civil right. I'm not saying it's not a restoration of a civil right. There's many civil rights, but the civil rights that are referred to in this provision have been defined as the right to hold office, the right to vote. Not by statute. They've not been defined by statute. Correct. They've been defined by the Supreme Court. I read Logan. I didn't see, you've got to, maybe when you're listening to their argument, you can find the page if you want. Otherwise, I might have it out there and I can look at it again. But I didn't see anything that limited it to the right to vote, the right to hold political office. Well, the entire discussion in Logan and in Kerrin concerned the restoration of rights, and they were only focusing on the restoration of those three rights. I know. And I understand your argument, but there are cases that hold in other states that restoration of gun rights is a civil right under that provision. And the question would be, what effect does that have with the federal government? Because under the federal statute, the way I understand it is, if you've been convicted but your civil rights have been restored, even for a conviction of domestic violence, if all of your civil rights were restored under state law, wouldn't you be able to possess a gun under the federal law? If you have a conviction for a misdemeanor crime of domestic violence and your rights have been restored under state law, that conviction no longer counts. And so it's not a prohibitor under the Federal Gun Control Act. So in one state, you have the same offense, and eventually the feds will approve you. And in another state, because of the way Illinois lies, you can't. I mean, it's inconsistent state by state. Would that be correct? That's correct. And Logan specifically said that's okay. That is definitely, in Logan, clearly discussed, that that's countenanced by Logan. Which they say has raised a lot of problems, and the court was asked to reconsider that. You know, it's not a very good way to do things. It is a problematic system. That is true. Well, let's say Ohio or Indiana where you can do that. Okay. And you're traveling to another state where it would also be permissible, but you have to cross Illinois. And you get stopped. And, you know, your car is searched or whatever, and it's properly cased and so forth, but you're still not supposed to own it in Illinois. But you've got a FOID card in Indiana. And you're traveling to Iowa where you could also get a FOID card. Does Logan address that? Logan does not address that. And this gets into this particular case of the Illinois Concealed Carry Statute, which raises, I could be here for a week talking about the complexities that are raised by that. But Logan does not necessarily address that. Again, because Logan was concerned about the right to own and possess. It was not a concealed carry statute. It was not the right to take a gun anywhere else. But if you have it, you possess it, and under federal law, if you've got this prior conviction, you probably shouldn't travel through Illinois. Because in Illinois, you wouldn't have the right to possess it. That, you know, again, without having delved into the concealed carry permits, yes, that is. So picking up on the questions asked by my colleagues, let me ask it this way. If we were to hold that the trial court should delete that portion of its order, the plaintiff's right to possess firearms and ammunition has been restored, as you're requesting. Yes. Where does Mr. Connor, if that's pronounced correctly, stand? That is, what steps could he take to – what hoops would he have to jump through to try to be able to lawfully possess a firearm? Either federal or state law. He would need a pardon. He'd what? A pardon. From the fed's point of view, nothing short of a pardon would do? Yes, because the federal system for getting rid of prohibitions has not been funded. So in practice, there's nothing they can do. So in practice, what practical hoops or steps taken, you need to turn to under state law, how do you avail yourself of the 921A33B2? Expungement is not possible under Illinois law. So short of a pardon, there's nothing else you can do under Illinois law. And absent a pardon, the feds won't – he would be in violation of federal law. Correct. Correct. And I would also add that because he had a prohibition now under the 2013 amendments to the FOIA Act, adding Section 10c4, a FOIA card cannot be issued to somebody who is prohibited by federal law. So this FOIA card was issued prior to that under the version of the statute that the Supreme Court was construing in quorum. And the Supreme Court said that you can get a FOIA card even if there's a fed prohibitor, but it just doesn't matter to your federal gun rights. Now you can't have – you can't get a FOIA card, and so any FOIA card would be subject to revocation by the state police because it is prohibited by federal law. Mr. McDermott, to go back to my point on Logan. Sure. It was the Supreme Court of New Hampshire in DuPont v. McDonough that said in Logan the petitioner conceded the issue about the three civil rights that the court was talking about there, and therefore it's dicta. And the court – the U.S. Supreme Court has never been faced with the exact question of are these the only three rights? And they say Logan did not decide that. And this court found that it is dicta and not exclusive of the right to own a firearm. So I just wanted to – well, that's the case I had in mind when I was talking earlier. No, and I appreciate that, Your Honor, but then I would also refer you to the Seventh Circuit cases of U.S. v. Williams and Buckmeyer, both of which are cited and both of which specifically do say that the only rights we are concerned about on this language are the so-called – what the Seventh Circuit calls the big three civil rights, the right to vote, the right to sit on a jury, and the right to hold public office. So even if the Supreme Court didn't engage in detailed analysis in arriving at that, the Seventh Circuit has independently arrived at that. And regardless, the only Supreme Court in quorum of a majority of four justices said that the Illinois FOID Act, going through the Section 10 process of the Illinois FOID Act, does not have any effect on your federal rights. The import of that is that the court was saying that giving somebody an Illinois FOID card is not tantamount to the restoration of federal rights. A majority of four justices, the two special concurring justices, and the two dissenting judges specifically said that this has no effect on your federal rights. The 10C process does not affect your federal rights. In passing the federal law, Congress intended for there to be a means by which this individual would have been able to apply to the Attorney General. However, the same Congress, or perhaps one elected later, has refused to appropriate the dollars to permit the executive branch to do the very thing that Congress told them that they should do. And every Congress since then has also refused to appropriate that. Yes, Your Honor. Don't a lot of the cases, though, discuss the fact that the federal scheme kind of looks to the states to decide, is this an appropriate person to be given the right to bear a firearm? Right. That's correct, Your Honor. And there's no dispute here that under Illinois law, a trial court, which you can see, has restored, in one sense, his right to get a FOID card. The lower court has apparently made that determination, and that's not something you're arguing about. Under the pre-2013 amendments, the court can do that, yes. The court can no longer do that, but yes. Justice Pope. But what I was going to say is, it seemed to me like, looking at some of the cases that talk about this issue, is that the federal government has kind of said, well, it seems like the states would know better, their own people. They're able to have a hearing and decide, is this a person who doesn't pose a risk anymore? And if they decide they should possess a firearm, that's good enough for the federal government. But that's not the way it's operated. Well, that's not the way, what the scheme is, what Congress decided, and this is the way they amended the Gun Control Act after the Dickerson case, they said that the states are the best ones to decide whether, or how that conviction has been treated as a matter of state law. So in other words, the states are best to decide, well, what counts as an expungement, or what are the pardon rules, or whether there's been a restoration of civil rights, which you must first lose, and then have restored again. And again, Logan is, I think, is clear about that. Well, you lose that right when you're convicted of this offense, and then you have it restored. But because it's not one of the big three, it doesn't count as their position. And again, and that's from the text of 921-833-V2, the unless clause. It says that your restoration of rights is effective to get rid of the conviction unless that restoration of rights also says that you still can't possess guns. So it's looking at firearm rights, or the restoration of right to obtain firearms, as separate from the restoration of civil rights more broadly described in the earlier provision. Well, I think you could make an argument that they're trying to leave some wiggle room for the state, so that if they have an individual, maybe based on criminal history and other things, even though their regular civil rights are reinstated, if they're considered to be a danger, the state can still restrict their right to acquit them. That would be recognized by the federal government. That is true. That is absolutely true. But it's also true here that the federal government agrees with the state's reading, as they make clear in their MECAS brief, that they do not consider the Illinois FOID Act to be something that is in itself restorative of federal rights for the purposes of this provision. All right, Mr. Legner, you'll have more time on rebuttal. Thank you very much, Your Honors. All right, Mr. Roseberry. Mr. Roseberry, if I could give you a chance to announce your name and start off, and then I have a question for you. Sorry. My name is Todd Roseberry. I'm originally from Springfield. I now practice law in Bloomington with Schultz and Roseberry, and I represent the appellees. May it please the Court. Counsel. I wanted to have you address quorum, because I think you took the position that quorum supports you. Yes. And the state has taken the position that quorum is on their side, because the two dissenters and the two of the special concurrences agree. So we have four justices who agree that our state law cannot govern whether you can possess a gun under federal law. I know if you read Carmier's decision, you come to a different conclusion. Even if we think Carmier's decision is well-written and well-conceived, if you don't have four people agreeing to it, aren't we stuck? No, I don't believe so. When quorum went to the Supreme Court, the argument was that the statute was unconstitutional, and that's how it was briefed. And you can see this in the facts related in the concurrent opinion and in the dissent, that some of the facts that they attach to and recite are facts, for instance, that quorum made this admission, or quorum believed that his rights were not addressed under the Illinois law, the Floyd Act, that his rights could not be restored as provided under 921 in the federal act. And I think that you got intermixed with the discussion where the Supreme Court eventually went. When this was pending, when quorum came down, I said, well, that's my argument I've been making in court. The Supreme Court came up with this argument on their own, that there is not a constitutional issue. And as argued and presented, it's not. If it's not reported to the federal database, then there is a serious constitutional issue. And I can get to that later. But it's not a constitutional problem. There is a merging between the two. And I think with the concurrent opinion, my undergraduate degree was in philosophy. And studying 2,000 years of human thinking, I came to the conclusion that there's a huge number of arguments and disagreements that have to do with nuances in language, whether it's the understanding of meaning or the connotation. And I think that's where the concurrent opinion and elite opinion seem to pull apart from one another, but they're saying almost the exact same thing. They draw some different conclusions, and I think there's an error in the concurrent opinion. The concurrent opinion says that you can get your right under the FOIA Act. And even incorporating the federal law into 8N as a revocation or a prohibition, you can get relief under that. Well, in order to do that, you have to have your rights restored under Illinois law. And to get to your point, Justice Connect, once that's done, and the federal law is placed in the hands of the states to determine the restoration of the civil rights, then it's by operation of law. As counsel even said, the prohibition goes away. And I think the concurrence sort of missed that nuance, because they agree on the one hand it can be restored, but they say we're not restoring a federal prohibition. And to some sense they're right, but I think they agree with the lead on that. There's a difference between saying there is a federal prohibition over here that you cannot undo. You can't impose on the federal authority. And the concurrence seemed to assume that's what the lead opinion was arguing. But that's not what they were arguing. They were saying that the federal statute gives us authority under Section 921 to do the very thing we've done. And Illinois is unique in that we have a FOIA Act. None of Logan, Booth, none of those other states had the mechanism. And in each case the Seventh Circuit went and looked at Wisconsin, Minnesota, whatever the appropriate law in Missouri, to see what the rules were. And none of those states have a FOIA Act like ours that takes away your right and gives it back after determination by a court. So the cases cited by counsel dealing with this issue about rights and federal rights are inapplicable. If... Didn't a majority of the Supreme Court in the quorum hold that when an Illinois state court restores a person's right to possess firearms and ammunition for purposes of Illinois law, pursuant to Section 10 of the FOIA Act, that that restoration does not affect the person's right or lack thereof to possess ammunition and firearm under the Federal Gun Control Act? And I don't want to say what's the meaning of is, is here. But not exactly. The dissent clearly believes that. The dissent clearly does. What the concurring opinion says, Justice Burke says it's an open matter or it's between the individual and the federal court. My argument is that's true. But the federal court's already... The federal law's already spoken. 921 says once the state does this then it goes away. So we're not... This is the point I was trying to make earlier. We're not telling the federal government we're going into your territory and taking away one of your prohibitions. We're saying that we've determined under state law that his rights have been restored. If you prevail, and I understand the language that's in the order now, but what do you think specifically what information should be transmitted to the federal government? The NICAs or NICS database is a clearinghouse used by federal authorities and state authorities and vendors all over the United States in order to determine if someone can lawfully possess a firearm. As I explained in my brief, when my client took the second FOIA card that was issued to him to the gun vendor, the vendor ran his number and said, no, it's not valid. Well, it's because it wasn't reported in the database. That's a ministerial affair. And that's my problem, and it gets back to what Justice Steigman originally asked. Isn't this about requiring the state police to report to the federal database? That Illinois has done its job and says, no, we've restored this person's rights. We've dealt with pardon expungement or rights are restored. For instance, is the state police's argument, if the governor pardons, do we have to get federal permission that that's okay? Or if it's expunged, do we need a federal affirmation that that's okay? It's the same thing with restoration of rights. So all you're asking is that the state police report to this database that Illinois has restored his right and given him a FOIA card. Correct? You're not saying, and tell them he's okay under federal law. But that's not the language, though, at issue here. The language is the state police said he's okay under federal law. That's what they say. I don't know if you were a friendly judge. That's what they say. That's not what the language. What did the state police, what did the trial judge say? Report to the appropriate federal agency that plaintiff's rights have been restored to possess firearms and ammunition. That's Illinois law. That's what the job of the NICS database is. When they're ineligible, the state police reports they're ineligible. When Illinois is determined under the FOIA Act that they're eligible, they report that to the database. Because the federal government says this is the state's venue, the state's purview, not the federal government. And this is my problem with the concurring opinion to and quorum. They say, well, they need to go to the federal government to get it done. No. The federal government says you go to the state. I understand this is speculative, but based on the process, do you expect that if that language, not the language interpreting federal law, but just his rights in Illinois have been restored and he is eligible for a fourth card under the laws of the state of Illinois, something like that, if that is reported to that database, do you believe the federal government will parse that language and look behind it, or do you think it will simply be reported, and the next time he goes into Smiley's Gun Shop, it will be okay? If they report. I'm sorry. If they report. If they report to the federal database, and I don't have a picture of the database. I don't know what it says. It may say Mr. Kahnauer ineligible to misdemeanor battery conviction. If they say that that disability has been removed by the state of Illinois, then I don't expect the federal government to say anything about it because under their own laws, it's not their purview. Under their laws, it's the state's purview to determine that. This is really kind of a state's rights issue. Each state is permitted on its own to determine whether someone is worthy of having a right restored based on its own law. Correct. When you look at the cases cited by the state, they're looking at Wisconsin and Minnesota and Massachusetts' law with Karen, which Massachusetts allows it to do it, and even they gave some of the rights back, but as Quorum said, they didn't give all the firearm rights back. They only gave a couple of guns back. The language that the court added here in Granninger-Mendema's petition telling the state police to delete that original warning that they had added as busybodies, and then the court added, and report to the appropriate federal agent that plaintiff's rights have been restored to possess firearms and ammunition. Where did that language come from? Was that your suggestion? Yes. Why didn't you make it more clear so that there's no question about that this is under the state of Illinois concerns, under state concerns, that plaintiff's rights under the law of the state of Illinois have been restored to possess firearms and ammunition? I didn't believe it was necessary. Well, see, the problem is you're suggesting that from the Fed's point of view, that means this language where it's not distinguished between the state and federal, especially given what they earlier said. Maybe this purports to be a statement by the state trial court as far as federal law is concerned. Well, I think it would be superfluous, to be honest. If, for instance, I were to say, Well, if it would be superfluous or unnecessary, then what would be the harm of including it? Well, when this came apart, went down in court, we had walked in. I'd said, hey, they gave my client a FOIA card, Judge, and you said to make it usable and valid, and it's not, and, well, there's a hiccup in the system. And I got them to admit finally that they didn't actually turn it into the database. So that's when they tried to ask the judge, well, you don't want it. You want us to pretend there's no crime. And so the judge looked at me and said, well, no, we're not asking that. We're asking you to restore his rights, which is what you've already ruled back in May, the months before she had made it explicit that if the 2011 order wasn't enough for you, Attorney General, we told you in May those rights are being restored. And from May to August, the Attorney General fought putting that language in. They didn't want to say that the court could reinstate your rights, restore your rights to firearm and ammunition under Illinois law. So that's why I said just put in there, you've restored the rights. The judge is not taking, we didn't take the position that we can tell the federal government what to do, but the federal government in this, and we did talk about 921, which I think in the DOJ brief, they said it wasn't mentioned. We talked about 921 and 922 extensively. Given that quorum came out afterwards and is somewhat of a fractured opinion and you are arguing different views on it, what would hurt if the qualifying language, if the court's order were changed to report to the appropriate federal agency that plaintiff's rights under Illinois law have been restored to possess firearms and ammunition? My fear of that language is that it could be parsed at that point to suggest that the court was somehow limiting the restoration of Mr. Conoway's rights. Well, but that's a correct statement of fact, isn't it? But it's also correct to say that his rights have been restored to possess firearms and ammunition. The jurisdiction and authority that the circuit court has is based on our firearm and our FOOT Act. And so, again, I think it's superfluous. It might suggest, well, are they trying to limit the restoration? Well, normally the Illinois courts have no control over what the feds do and how they view what we do. So that would mean under Illinois law, his rights have been restored to possess firearms and ammunition. What does that mean to you, federal government? That's not my concern. Why isn't this a correct statement and more an accurate statement of what happened anyway? Just as, for instance, it seems to me that the department's initial statement as a busybody, they had no authority to do, is he's prohibited from possessing firearms or ammunition under federal law. That was gotten rid of and appropriately so. That was also a statement about federal law, which state police have no business getting themselves involved in. The feds can figure that out for themselves. The flip side of that, why shouldn't it be plaintiff's rights in the Illinois law have been restored? How do you figure it out for yourself, federal government? Well, the reason I say that is because both the lead opinion and the concurrent opinion in quorum both recognize that the federal law, 922, specifically 922, was incorporated into the prohibition of 8N. And I would not want them to, this is where they might be able to parse that and say, well, there was some sort of limitation here because maybe they're not addressing 8N, which is the federal prohibition for domestic violence. And so by making it plenary, we're restoring his rights. Now, again, does it hurt necessarily? I'm not trying to avoid a consequence. That really didn't go through my mind when I wrote, when I suggested that language. I just figured that was the plenary whole language. That's pretty much what I'm saying. Can I ask you a question? Under the new amendments to the Act, could your client get a Ford car today? I am stunned that I heard this argument that new amendments would affect my client. In fact, Judge Foley, when they brought that in at the last hearing, I had no notice of it. She asked me if I wanted to delay it and brief her up. I said, no, it doesn't affect my client whatsoever. The amendment was to, I believe, Section 10, something 4, yes, 10C4, that says granting relief would be contrary to federal law. Well, that doesn't answer the question. All it is in 10C is saying this is the burden of the applicant. Now, it didn't have that burden before. Before it said in 10B, the court shall not do anything contrary to federal law. That was already in existence. In the concurrent opinion, Justice Burke said that the Attorney General's argument that, well, we can give you relief under 8N, which relates to the federal domestic violence. That's allowable. But then under the broader paragraph that not contrary to federal law because of the domestic violence, we have to deny it to you is just, in his words, nonsense. It's a circular argument. They're trying to tie two unrelated statutes together to say that the federal government and the state agree that we can give you relief for domestic violence, but then you can't have it because of domestic violence. There's no independent federal violation of any law. This prohibition came about solely because of this one misdemeanor conviction. Once relief's granted under that, there is no other federal law that's contrary. And the federal law itself isn't contrary because it says you can have relief if these things are done. So the only real question is, did Illinois restore his rights? And do you, under your argument, is it necessary to find that the right to possess a gun is a civil right? Yes. It's been restored. Yes. And the reason, and to get to the unless language because I think that's important, and I think the question you asked counsel about that is the interpretation I had. There may be some rights that have been taken away, and if those rights are restored, maybe it's the right to vote or jury or hold office, and those are going to be restored, but like many states, don't also at the same time restore the right to bear arms, then a separate unless notice can be given. It doesn't imply that those rights have to be the ones that are restored or lost. In fact, one of the cases cited by counsel, Buchmeier, he only lost two of the three big ones. They still said, well, no, we don't have to tell him that his right to jury has been restored. He never lost it. So I think it is a right. Quorum recognizes it a right. The only constitution recognizes it a right, and that's why quorum went to the length to say in all these other cases where we're dealing with the Armed Career Criminal Act, we're trying to determine whether or not their rights are restored for purposes of determining the enhanced penalties for multiple convictions. Not one of those cases involves someone applying for individualized assessment, as we do in our FOID Act, which mirrors the federal statute, to determine whether you're a danger to society. And so that's why I don't believe we would be stuck with this. Mr. Conower, you've lost your rights because of domestic violence. Mr. Conower, we've examined you and determined that in using similar analysis that the federal government would use, that you are not a danger to society and we're going to give you your firearm rights back, except you don't get it because we never took away your right to vote. And because we never took away your right to vote and your right to hold an office and right to sit on a jury, even though you're not a danger, we've examined you. Because you didn't lose those other rights and because you didn't get them back, because you never lost them, we're not going to let you have your firearm. And I think that, just like Justice Burke, that's nonsense. We can restore, not one of the cases cited, has individualized attention, analysis of the person's right to bear arms, which is under our FOIA Act. Thank you, Your Honors. First, touching on the 2013 amendments, 10C4 wasn't the only thing that was amended, certainly in the statute. Section 8N was also amended to make clear that a FOIA card can be revoked. The state police can revoke a FOIA card that is held by anybody who is barred from possessing firearms by federal law. The intent of the General Assembly was clear. They did not want the courts to allow the state police to get around the federal prohibition. That's clearly why they added these amendments. Quorum makes clear, getting an Illinois FOIA card does not mean that you get to possess guns as a matter of federal law. But until we send that through the system, we don't know that the federal government would reply and say that would be violative of federal law, no matter what you've done. In Illinois, when a call goes into the MIPS database, the state police answers it. The Illinois State Police is the intermediary in Illinois. It handles those calls, and it can say there's an Illinois FOIA card, but there's a federal prohibitor. They don't get to have a gun. Well, if the trial court says, forward the information that is factually correct. Yes, he has an Illinois FOIA card. Please forward that. Sure. And uses the word restored, because that has occurred. Right. For the purpose of the Illinois statute. Then why not let the process take place? Why, if the language is correct, if the language is factually accurate, why would the state police resist providing the federal government the opportunity to say, you know, you're okay in Illinois because you've got that FOIA law, and you gave that individualized attention, and you restored the right to keep and bear arms, we're okay with that. We won't find out whether they're okay with that unless we send the information. Because that's not what happens generally or what happened in this case. In this case, the circuit court, in its order, specifically said, it was the intent of this court, in issuing its ruling, that plaintiff issued a valid FOIA card that he could actually and validly use. The point was, and this is in response to the language that the state police added, the point was the circuit court was trying to give him a FOIA card that meant that he would pass the federal background check. That meant that he would not get in trouble as a matter of federal law if he tried to purchase a gun. Well, we understand she can't make that, let's assume she can't make that determination. Okay. And the language just says, I have restored this gentleman's right to keep and possess ammunition and a firearm under Illinois law, and I followed the process of our law, and I'm asking, directing, that that information be forwarded by the state police to the federal government. What's wrong with that? Simply, because that's not what they were saying in this case. I understand that's not what they were saying. That's the order. That's the order. If the order is state police tell the federal authorities that this person has been issued an Illinois FOIA card, no problem. And don't add any of your explanatory language or any of your opinion on it, because we're not asking for your legal opinion. When the call comes through, though, the next call comes through the state police, they'll say you cannot have a gun. Well, why should the state police interpret the federal law? Because the state police, by virtue of the way the NICS system operates, the federal government contracts it. Why can't they say this trial court looked at this guy, and why do they get to offer an opinion? It's not offering an opinion, it's offering effect. There is a misdemeanor crime of domestic violence. True. That means he's federally prohibited. Period. That's all they ask? They just say, hey, wait a minute, we got this information. Well, you run through the database. There's a number of databases that will come up, and it will show, for instance, disqualifying convictions. He has a disqualifying conviction. That disqualifying conviction has not been removed. And so that will be reported, and that will act as a bar. That will be the prohibitor. That will be reported, and he won't be. You're saying they're going to call, and all the state police are going to say, yeah, he once got convicted of that. No. That's not accurate. The call comes in from the person who's trying to sell the gun. The call comes in from them to the state police. The state police answer the NICS calls. So the NICS call is coming from the gun dealer. Yes. But the state police have already received the information that, under Illinois law, that right has been restored. And the federal government, who's made the original prohibition, is never even inquired about. It's never even inquired up. The state police has to, as a result of this agreement and their participation in this process, has to answer the question. The question is whether there is any state or federal prohibition. The state police knows that there is a federal prohibition because of the conviction from the misdemeanor crime of domestic violence. Therefore, it will say, no, it is not cleared. Well, what we're saying is we don't know if there's a federal prohibition. We don't really know that because of the arguments that were – we wouldn't be having these arguments today if that was a dead certainty. It is a dead certainty, Your Honor. He has a conviction for a misdemeanor crime of domestic violence. Right. He does. But here's the question. He has a misdemeanor domestic violence conviction, which would disqualify him. Yes. But he went through the process in Illinois to have his gun rights rescored. Yes. Shouldn't the database be informed of that? Right. The database can be informed of that as an Illinois FOIA card, but that does not mean – No, that's not what we said. Why can't they be informed that there was a trial court decision under Illinois law that restored his right, and then the federal government can decide what they want to do? Because that's impractical, that's contrary to quorum, and that basically results in the state police giving false information to the federal government. No, it basically means that the state police are failing to give information that has been directed to be provided by an Illinois court of law that is interpreting both Illinois law and anticipating there will be a later federal process which may or may not grant. You have the state police giving a legal opinion. We have the state police doing what they're charged to do, which is to look to see if there's any convictions for crimes that are – And that's all that's asked? Well, it has to run through the database, and that's one of the things – Worth the pardon doesn't get in the database for a year and a half, but they know that it's been issued. Then there's a problem. But they just haven't fed it into the database yet. Then there's a serious problem. That would be subject to a mandamus complaint or something along those lines. But, Your Honor, in this case, the state police will look to see – If there's a conviction. If there's an Illinois FOIA card, and is there a federal prohibitor. First thing, you need a FOIA card in Illinois to be able to buy a gun, whether or not you're federally prohibited or not. As far as I know, I have no federal prohibitors. They once had a FOIA card. It was taken away from them, and now it's been restored, because that's what would be accurate. The mere fact, though, in Illinois, the mere fact of a FOIA card is not enough to pass the federal background check. For certain states, it is, but not on an Illinois card. That's not how the feds treat it. Just a quick last question, following up on my colleagues. What would be the impropriety of changing the report to make it read, report to the appropriate federal agency that plaintiff's rights under Illinois law have been restored to possess firearms and ammunition? Would there be any inaccuracy in that? I'm not concerned about what the effect will be. In Illinois law, there is no inaccuracy in that, or that report to the federal agency. Then the next question is, why shouldn't we direct the trial court to simply make that change and then forget about this case, and let's see what will happen later on? I see no problem with that. Thank you, Mr. Littner. All right, we'll take this matter under advisement. The stand is recessed.